THE STATE OF OHIO *v*. BARNES.

(No. R88TRC682S — Decided
November 8, 1988.)

Portage County Municipal Court,
Ravenna Division.

*David F. Foster,* for the state.
*Kane, Bangas & Sicuro* and *R.J. Kane,* for defendant.

JOHN A. ENLOW, J. This matter came on for trial and a motion to suppress on October 21, 1988, both parties appearing represented by counsel. The facts presented to the court, on said motion, were as follows.

Defendant herein, Royal Barnes, Jr., was arrested on May 17, 1988, for the charge of operating a motor vehicle while being under the influence of alcohol. Prior to administering the BAC Verifier test to defendant, the officer noted that the machine was registering the month of November rather than May and, also, was registering the wrong time; at which time, he requested his superior officer to change the month and time on the machine. The state presented testimony that the machine's misrepresentation of month and time may have been caused by a power outage in the area due to an electrical storm. Further testimony from a BAC Verifier service technician indicated that the clock operated independently of the internal workings of the machine; the internal workings measure the content of alcohol in a person's breath.

The issue presented by said motion is whether the machine, which was apparently placed out of service by an electrical storm, should have been recalibrated prior to the giving of the breath test to the defendant. The relevant Department of Health rule reads in part as follows:

"A calibration check shall be made when a new breath testing instrument is set in place or when the instrument is returned to service, before the instrument is used to test subjects." Ohio Adm. Code 3701-53-04(A)(3).

The defendant argues, based on this rule, that since the machine was out of service due to a power outage caused by an electrical storm, the machine should have been re-calibrated prior to the defendant's test even though the Department of Health's rule regarding weekly calibration had been complied with two days prior to the administration of the test to the defendant. It is agreed that no calibration was done prior to the administration of the test to the defendant herein after the machine was placed out of service.

The state cites the case of *State* v. *Kline* (Sept. 13, 1985), Portage App. No. 1521, unreported, where the Ohio State Highway Patrol, apparently, calibrated the breath machine prior to each and every test and successfully argued that absolute weekly testing was not required. The testing machine in that case was calibrated prior to the defendant's test and was found to be operating within the tolerance level required by the Department of Health.

It is the opinion of this court that any time a BAC Verifier is taken out of commission, whether it be due to a power outage or other reasons, to conform with the rules and regulations of the Department of Health, the machine must be re-calibrated prior to administering a breath test to an individual, as it is imperative that the machine be accurate because a conviction may be based solely on the reading of the machine.

Therefore, the court suppresses the results of the BAC Verifier test on the basis that no calibration was performed after the machine was taken out of commission due to a power outage.

*Motion sustained.*